JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN (Bar No. 105444)
*rberman@jmbm.com*
JESSICA BROMALL SPARKMAN (Bar No. 235017)
*jbromall@jmbm.com*
AN NGUYEN RUDA (Bar No. 215453)
*ahn@jmbm.com*
NATHANIEL DANG (Bar No. 296757)
*ndang@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Plaintiff Orly International, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

ORLY INTERNATIONAL, INC., a California domestic stock corporation,

Plaintiff,

v.

U.S. MAXIM NAIL SUPPLIES, INC., a Pennsylvania corporation; U.S. MAXIM NAIL SUPPLIES II, LLC, a Pennsylvania limited liability company; US MAXIM WHOLESALE & RETAIL NAIL SUPPLIES, a Pennsylvania entity business form unknown; US MAXIM WHOLESALE & RETAIL NAIL SUPPLIES, INC., a Pennsylvania corporation; US MAXIM NAIL SUPPLY OUTLET INC. a Virginia corporation; U.S. MAXIM NAIL SUPPLY CORPORATION, a Texas corporation; TRANG NGUYEN, an individual; and DOES 1 through 10, inclusive,

Defendants.

CASE NO. 2:17-cv-2935

**COMPLAINT FOR:**

**(1) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**

**(2) UNFAIR COMPETITION (15 U.S.C. § 1125(a)(1)(A));**

**(3) FALSE ADVERTISING (15 U.S.C. § 1125(a)(1)(B));**

**(4) COMMON LAW TRADEMARK INFRINGEMENT; AND**

**(5) UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE § 17200).**

**DEMAND FOR TRIAL BY JURY**

For its Complaint, plaintiff Orly International, Inc. ("Orly" or "Plaintiff") alleges as follows:

**THE PARTIES**

1. Plaintiff Orly is a domestic stock corporation organized and existing under the laws of the State of California, and having an address of 7710 Haskell Avenue, Van Nuys, California 91406. It is a citizen of California.

2. Defendant U.S. Maxim Nail Supplies, Inc. ("UMNS Inc.") is a corporation organized and existing under the laws of the State of Pennsylvania, having a business address of 1119 South 11th Street, Philadelphia, Pennsylvania, and is, upon information and belief, a citizen of Pennsylvania. Plaintiff is further informed and believes, and based thereon alleges, that at all times relevant to this action, UMNS Inc. was, and is, doing business in this judicial district.

3. Defendant U.S. Maxim Nail Supplies II, LLC ("UMNS II") is a limited liability company organized and existing under the laws of the State of Pennsylvania, having a business address of 1119 South 11th Street, Philadelphia, Pennsylvania, and is, upon information and belief, a citizen of Pennsylvania. Plaintiff is further informed and believes, and based thereon alleges, that at all times relevant to this action, UMNS II was, and is, doing business in this judicial district.

4. Defendant US Maxim Wholesale & Retail Nail Supplies ("UMWRNS") is a business entity of form unknown, having a business address of 1119 South 11th Street, Philadelphia, Pennsylvania, and is, upon information and belief, a citizen of Pennsylvania. Plaintiff is further informed and believes, and based thereon alleges, that at all times relevant to this action, UMWRNS was, and is, doing business in this judicial district.

5. Defendant US Maxim Wholesale & Retail Nail Supplies, Inc. ("UMWRNS Inc.") is a corporation organized and existing under the laws of the State of Pennsylvania, having a business address of 1119 South 11th Street, Philadelphia, Pennsylvania, and is, upon information and belief, a citizen of



JMBM Jeffer Mangels Butler & Mitchell LLP

Pennsylvania. Plaintiff is further informed and believes, and based thereon alleges, that at all times relevant to this action, UMWRNS Inc. was, and is, doing business in this judicial district.

6. Defendant US Maxim Nail Supply Outlet Inc. ("USMNS Outlet") is a corporation organized and existing under the laws of the State of Virginia, having a business address of 6533 Arlington Blvd Unit B, Falls Church, Virginia, and is, upon information and belief, a citizen of Virginia. Plaintiff is further informed and believes, and based thereon alleges, that at all times relevant to this action, USMNS Outlet was, and is, doing business in this judicial district.

7. Defendant U.S. Maxim Nail Supply Corporation ("USMNS Corp.") is a corporation organized and existing under the laws of the State of Texas, having a business address of 10600 Bellaire Blvd Suite 135, Houston, Texas, and is, upon information and belief, a citizen of Texas. Plaintiff is further informed and believes, and based thereon alleges, that at all times relevant to this action, USMNS Corp. was, and is, doing business in this judicial district.

8. Upon information and belief, defendant Trang Nguyen ("Nguyen") is an individual residing in the State of Texas and is a citizen of Texas. Plaintiff is further informed and believes, and based thereon alleges, that at all times relevant to this action, Nguyen was, and is, doing business in this judicial district.

9. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore sue these defendants by such fictitious names and capacities. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained, along with the appropriate charging allegations. UMNS Inc., UMNS II, UMWRNS, UMWRNS Inc., and Nguyen are collectively referred to herein as the "Pennsylvania Defendants" and are, at times, individually referred to herein as a "Pennsylvania Defendant." UMNS Inc., UMNS II, UMWRNS, UMWRNS Inc., USMNS Outlet, USMNS Corp., Nguyen, and Does 1 through 10 are, at times, collectively referred to



JMBM Jeffer Mangels Butler & Mitchell LLP

herein as "Defendants," and are, at times, individually referred to herein as a "Defendant."

10. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times, each of the Defendants, including defendants Does 1 through 10, was an agent, employee or co-conspirator of each of the other Defendants, and was acting within the course and scope of such agency or employment and was in some manner legally responsible for the wrongful conduct alleged herein. Plaintiff is further informed and believes, and based thereon alleges, that each Defendant, including the fictitiously named Defendants, directed, aided and assisted in committing the wrongful acts alleged herein, and that Plaintiff's damages were proximately caused by each and every such Defendant. Plaintiff is further informed and believes, and based thereon alleges, that at all relevant times, to the extent that the conduct and omissions alleged herein were perpetrated by one or more Defendants, the remaining Defendants confirmed and ratified such conduct and omissions.

11. Plaintiff is further informed and believes, and based thereon alleges, that Defendants do business under the fictitious name U.S. Maxim Nail Supply. Plaintiff is further informed and believes, and based thereon alleges, that Defendants are the owners and operators of, directly or indirectly, U.S. Maxim Nail Supply, and, acting in concert with one another, personally participate in, and are the moving forces behind, the acts of U.S. Maxim Nail Supply, from which they directly financially benefit.

12. Plaintiff is informed and believes, and on that basis alleges, that each Defendant conspired and acted in concert with each of the other Defendants to commit the wrongs against Plaintiff alleged herein, and in doing so were, at all relevant times, the agents, servants, employees, principals, joint venturers, alter egos, and/or partners of each other. Plaintiff is further informed and believes, and on that basis alleges, that in doing the things alleged in this Complaint, each Defendant



JMBM Jeffer Mangels Butler & Mitchell LLP

was acting within the scope of authority conferred upon that Defendant by the consent, approval, and/or ratification of the other Defendants, whether said authority was actual or apparent.

13. Plaintiff is further informed and believes, and based thereon alleges, that Nguyen is the owner and operator of the Pennsylvania Defendants, and that they, and each of them, directed, controlled, and/or participated in the conduct alleged herein.

## JURISDICTION AND VENUE

14. This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) over the federal trademark infringement, false advertising, and unfair competition claims, which arise under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*., and has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over the state unfair competition and common law trademark infringement claims. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 over all claims asserted herein, because there is complete diversity of citizenship between Plaintiff and all Defendants, and on information and belief, the amount in controversy is greater than $75,000, exclusive of interest and costs.

15. This Court has personal jurisdiction over the Defendants. Plaintiff is informed and believes, and based thereon alleges, that the conduct giving rise to this suit occurred, at least in part, in Southern California, including because Defendants regularly transact business with and purchase goods from Plaintiff. Further, Defendants either knew or should have known that their infringing conduct would have consequences in California and, that the harm to Plaintiff arising from Defendants' conduct would occur (and did in fact occur) in California. For example, as set forth further herein, Defendants have conducted business and communicated with Plaintiff for years.

16. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c). Defendants conduct business in this District, and Plaintiff is informed and


JMBM Jeffer Mangels Butler & Mitchell LLP

believes, and based thereon alleges, that a substantial part of the events giving rise to their claims occurred in this District. Plaintiff has a primary office in this District and has been injured in this District as a result of Defendants' infringing conduct.

## GENERAL ALLEGATIONS

### Orly's Bonder® Base Coat Nail Treatment

17. Plaintiff has been in the business of manufacturing, distributing, and selling professional nail care products for over forty years. Over that time, Plaintiff has grown and established itself as a market leader in the nail care industry, and sells millions of dollars' worth of nail care products annually.

18. One of Plaintiff's best-selling products is its BONDER® base coat, which grips lacquer to a nail surface and can extend the amount of time that lacquer adheres to a nail surface by weeks.

19. Plaintiff's BONDER® base coat is and has been widely recognized within the nail care industry for its high quality. Indeed, Plaintiff has won many industry awards for its BONDER® base coat, including the 2016 Nailpro Reader's Choice Award, the 2015 Life & Style Magazine Award, and the 2015 Nylon Magazine's award, for best base coat.

### Orly's BONDER® Mark

20. Plaintiff is the owner of the federally registered trademark BONDER® for fingernail polish base coat (the "BONDER Mark"). The BONDER Mark has been registered with the United States Patent and Trademark Office ("USPTO") as U.S. Reg. No. 1,665,611 since November 26, 1991, and is incontestable.

21. Since at least 1983, Plaintiff has continuously used its BONDER Mark in commerce and worldwide in connection with the marketing and sale of its BONDER® base coat. By way of non-limiting example, Plaintiff has distributed its BONDER® base coat in containers bearing the BONDER Mark. Representative



JMBM Jeffer Mangels Butler & Mitchell LLP

examples of Plaintiff's BONDER® base coat containers, in various sizes and bearing its BONDER Mark, are shown below:




22. Since adopting the BONDER Mark, Plaintiff has made significant investments in advertising its BONDER® base coat, and has generated millions of dollars in sales of the BONDER® base coat. An example of just one advertisement in Plaintiff's national advertising campaigns, featuring its BONDER Mark, is shown below:




JMBM Jeffer Mangels Butler & Mitchell LLP

23. In addition to the rights memorialized in the above-identified federal registration, the BONDER Mark also enjoys common law trademark protection as a result of Plaintiff's consistent and long-standing use of the BONDER Mark in commerce, as well as its hard work, attention to detail, commitment to quality, and the investment of substantial time, effort, and money in advertising, research, and development. The BONDER Mark, through its use and promotion, has acquired distinctiveness.

24. Further, as explained above, Plaintiff and its BONDER Mark have achieved a national reputation within the nail care industry for quality, reliability, and effectiveness, and consumers recognize the BONDER Mark as uniquely identifying Plaintiff as the source of the BONDER® base coat.

Defendants' Willfully Infringing Conduct

25. Defendants have been a customer of Plaintiff's since at least as early as September 15, 2003, and have purchased Plaintiff's BONDER® base coat from Plaintiff, in containers of various sizes including the sizes of the representative containers shown in Paragraph 21 above, during that time.

26. On information and belief, Defendants are manufacturing a base coat nail treatment (the "Competing Base Coat") that directly competes with Plaintiff's BONDER® base coat. Defendants are, without Plaintiff's authorization, using the BONDER Mark in connection with the marketing, sale, and distribution of the Competing Base Coat. By way of non-limiting example, the Defendants offer and sell the Competing Base Coat in containers bearing the BONDER Mark.

27. On information and belief, Defendants have sold and are selling the Competing Base Coat, bearing Plaintiff's BONDER Mark, to nail care facilities. Plaintiff also ultimately sells its BONDER® base coat to nail care facilities. Thus, here, the parties' respective goods are sold through identical channels of trade and to the identical consumers.

JMBM Jeffer Mangels Butler & Mitchell LLP

28. An example of a container of Defendant's Competing Base Coat, labeled with Plaintiff's BONDER Mark is shown below:




29. On or about April 4, 2017, Plaintiff sent a letter to the Pennsylvania Defendants, expressly notifying the Pennsylvania Defendants of Plaintiff's ownership of and exclusive right to use the BONDER Mark in the United States, Plaintiff's obligation to enforce such right against unauthorized uses of the BONDER Mark, and that the Pennsylvania Defendants' unauthorized use of Plaintiff's BONDER Mark is likely to cause confusion, mistake, or deception of consumers as to the source, origin, approval, or endorsement of the Competing Base Coat and Defendants' business. A copy of Plaintiff's April 4, 2017 letter to the Pennsylvania Defendants is attached to this Complaint as Exhibit A.

30. On or about April 7, 2017, Nguyen sent a response, on behalf of the Pennsylvania Defendants, to Plaintiff's April 4, 2017 letter. The Pennsylvania Defendants' April 7, 2017 response states in pertinent part: "We truly did not know BONDER was trademark [sic]." This statement is patently false as demonstrated herein.

31. Defendants are intentionally infringing Plaintiff's BONDER Mark, and are intentionally confusing and deceiving customers into believing that

JMBM Jeffer Mangels Butler & Mitchell LLP

the Competing Base Coat is sold by, sponsored by, approved by, or otherwise connected to Plaintiff.

32. Defendants are using a counterfeit of Plaintiff's BONDER Mark, and are using this counterfeit mark with the same or similar goods as Plaintiff.

33. Defendants' unauthorized and infringing use of the BONDER Mark commenced long after the registration and first use of the BONDER Mark.

34. Defendants' infringing conduct robs Plaintiff of its ability to safeguard its reputation for excellence, which it has achieved by ensuring the exceptional quality of its BONDER® base coat and other goods provided to the public, and deceives the recipients of Defendants' goods into believing that they are receiving goods authorized by Plaintiff, which is not the case.

## FIRST CAUSE OF ACTION

Trademark Infringement

(15 U.S.C. § 1114)

35. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

36. Defendants, through the acts and omissions described herein, have used, and are using, in commerce counterfeits, reproductions, or colorable imitations of Plaintiff's federally registered BONDER Mark in connection with the sale, offering for sale, distribution, and advertising of goods.

37. Defendants, through the acts and omissions described herein, have reproduced, counterfeited, or colorably imitated the BONDER Mark, and have applied such reproduction, counterfeit, or imitation to labels and other materials used or intended to be used in commerce on or in connection with the sale, offering for sale, distribution, or advertising of goods.

38. Defendants' above-described conduct is likely to cause confusion, reverse confusion, or mistake, or to deceive consumers, retailers, and distributors as to source, origin, affiliation, approval, sponsorship, and/or

JMBM Jeffer Mangels Butler & Mitchell LLP

association. As a result of Defendants' conduct, confusion is likely to occur both when consumers are making their purchasing decisions, as well as post-sale.

39. As described herein, Defendants have used and are using Plaintiff's federally registered BONDER Mark in connection with the sale of nail care products, including fingernail polish base coats, through the same channels of trade as Plaintiff and to the same consumers as Plaintiff.

40. Defendants are not authorized, licensed, or otherwise given permission to reproduce, counterfeit, imitate, or use Plaintiff's BONDER Mark.

41. Defendants' actions constitute trademark infringement pursuant to 15 U.S.C. § 1114.

42. Defendants are also secondarily liable for contributory trademark infringement in that they have intentionally induced others, including other Defendants and the customers of each Defendant, to directly infringe the BONDER Mark; and/or they have continued to provide others with infringing goods, with knowledge of the direct infringers' use or sale of the infringing goods.

43. Defendants are also secondarily liable for vicarious trademark infringement in that Defendants have an apparent or actual partnership among and between themselves, and/or with other infringers, and have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control over the infringing services.

44. Defendants have committed the acts alleged above with full knowledge of and in disregard of Plaintiff's rights in and to the BONDER Mark. Defendants' actions were willful and for the calculated purpose of misleading and deceiving the public in order to trade on and profit from Plaintiff's goodwill.

45. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

46. Plaintiff lacks an adequate remedy at law and, pursuant to 15 U.S.C. § 1116(a), seeks an injunction prohibiting any continuing or future infringing



JMBM Jeffer Mangels Butler & Mitchell LLP

conduct by Defendants, including any further use of the BONDER Mark. Unless such an injunction issues, Defendants' infringing conduct will continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association, thereby irreparably damaging Plaintiff.

47. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' infringing conduct, as well as an order awarding all of Defendants' profits traceable to Defendants' conduct.

48. Pursuant to 15 U.S.C. § 1117(a) and (b), and because Defendants' conduct described herein was intentional and in blatant disregard of Plaintiff's rights, Plaintiff is entitled to, and hereby seek, an award tripling any damages or profits established at trial.

49. With respect to the counterfeit mark used by Defendants, pursuant to 15 U.S.C. § 1117(c), Plaintiff seeks, in the alternative, an award of statutory damages for Defendants' use of such mark. In view of Defendants' blatant disregard of Plaintiff's rights and Defendants' willful and intentional use of the counterfeit mark in an effort to trade on and profit from Plaintiff's established goodwill in the federally registered BONDER Mark, Plaintiff seeks an award of at least $2,000,000.

50. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks, an order for the destruction of all materials, including, without limitation, all labels and containers bearing the BONDER Mark or any other marks confusingly similar thereto.

51. Defendants' actions make this an exceptional case under 15 U.S.C. § 1117(a). Plaintiff is entitled to, and hereby seeks, an award of attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(a) and 1117(b).



JMBM Jeffer Mangels Butler & Mitchell LLP

**SECOND CLAIM FOR RELIEF**

Unfair Competition

(15 U.S.C. § 1125(a)(1)(A))

52. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

53. Defendants, through the acts and omissions described herein, have used and continue to use, in commerce words, terms, names, symbols, false designations or origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, in connection with the sale, offering for sale, distribution, and advertising, of goods.

54. Defendants' above-described conduct concerning the BONDER Mark is likely to cause confusion, or reverse confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by Plaintiff, which is not the case.

55. Defendants are not authorized, licensed, or otherwise given permission to reproduce, counterfeit, imitate, or use the BONDER Mark. Defendants are not authorized to provide any goods bearing the BONDER Mark .

56. Defendants' actions violate 15 U.S.C. § 1125(a)(1)(A).

57. Defendants are also secondarily liable for contributory trademark infringement in that they have intentionally induced others, including other Defendants and the customers of each Defendant, to directly infringe the BONDER Mark; and/or they have continued to provide others with infringing goods, with knowledge of the direct infringers' use or sale of the infringing goods.

58. Defendants are also secondarily liable for vicarious trademark infringement in that Defendants have an apparent or actual partnership among and between themselves, and/or with other infringers, and have the authority to bind one





JMBM Jeffer Mangels Butler & Mitchell LLP

another in transactions with third parties, and/or exercise joint ownership or control over the infringing services.

59. Defendants have committed the acts alleged above with full knowledge of and in disregard of Plaintiff's rights in and to the BONDER Mark. Defendants' actions were willful and for the calculated purpose of misleading and deceiving the public in order to trade on and to profit from Plaintiff's goodwill.

60. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

61. Plaintiff lacks an adequate remedy at law and, pursuant to 15 U.S.C. § 1116(a), seeks an injunction prohibiting any continuing or future infringing conduct by Defendants, including further use of the BONDER Mark. Unless such an injunction issues, Defendants' infringing conduct will continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association, thereby irreparably damaging Plaintiff.

62. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' conduct, as well as an order awarding all of Defendants' profits traceable to Defendants' conduct.

63. Pursuant to 15 U.S.C. § 1117(a), because Defendants' conduct described herein was intentional and in willful and blatant disregard of Plaintiff's rights, Plaintiff is entitled to, and hereby seeks, an award tripling any actual damages established at trial.

64. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks, an order for the destruction of all materials, including, without limitation, all labels or advertisements, bearing the BONDER Mark or any other mark confusingly similar thereto.

JMBM Jeffer Mangels Butler & Mitchell LLP

65. Defendants' actions make this an exceptional case under 15 U.S.C. § 1117(a). Plaintiff is entitled to, and hereby seeks, an award of attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF

False Advertising

(15 U.S.C. § 1125(a)(1)(B))

66. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

67. Defendants, through the acts and omissions described herein, have used and continue to use, in interstate commerce words, terms, names, symbols, false designations or origin, false or misleading descriptions of fact, and/or false or misleading representations of fact ("false statements"), in commercial advertising or promotion that misrepresent the nature, characteristics, or qualities of their goods, including, by falsely suggesting that their Competing Base Coat is an authorized or genuine BONDER® branded good, which it is not.

68. Defendants' false and materially misleading statements and omissions actually deceived or have the tendency to deceive a substantial segment of their audience; that deception is material, in that it is likely to influence the audience's purchasing decision; and Plaintiff has been or is likely to have been injured as a proximate result of Defendants' false statements, including by the direct diversion of consumers of Plaintiff's BONDER® Base Coat from Plaintiff to Defendants, and by a lessening of the goodwill associated with Plaintiff's goods.

69. Defendants' actions violate 15 U.S.C. § 1125(a)(1)(B).

70. Defendants are also secondarily liable for contributory false advertising in that they have intentionally induced others, including other Defendants and the customers of each Defendant, to directly engage in false advertising; and/or they have continued to provide others with infringing goods,



JMBM Jeffer Mangels Butler & Mitchell LLP

with knowledge of the direct infringers' display or use of the infringing goods constitutes false advertising.

71. Defendants are also secondarily liable for vicarious false advertising in that Defendants have an apparent or actual partnership among and between themselves, and/or with other actors, and have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control over the false advertising.

72. Defendants have committed the acts alleged above with full knowledge of and in disregard of Plaintiff's rights. Defendants' actions were willful and for the calculated purpose of misleading and deceiving the public in order to trade on and to profit from Plaintiff's goodwill.

73. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

74. Plaintiff lacks an adequate remedy at law and, pursuant to 15 U.S.C. § 1116(a), seeks an injunction prohibiting any continuing or future false advertising by Defendants, as alleged herein, including further use of the BONDER Mark. Unless such an injunction issues, Defendants' false advertising will continue to materially deceive the relevant public, thereby irreparably damaging Plaintiff.

75. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' false advertising, as well as an order awarding all of Defendants' profits traceable to Defendants' false advertising.

76. Pursuant to 15 U.S.C. § 1117(a), because Defendants' conduct described herein was intentional and in willful and blatant disregard of Plaintiff's rights, Plaintiff is entitled to, and hereby seeks, an award tripling any actual damages established at trial.

77. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks, an order for the destruction of all materials, including, without limitation, all



JMBM Jeffer Mangels Butler & Mitchell LLP

labels and advertisements, bearing or including any of the false advertising as alleged herein.

78. Defendants' actions make this an exceptional case under 15 U.S.C. § 1117(a). Plaintiff is entitled to, and hereby seeks, an award of attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(a).

## **FOURTH CLAIM FOR RELIEF**

Common Law Trademark Infringement

79. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

80. The acts and omissions of Defendants, as set forth above, constitute common law trademark infringement.

81. Defendants, through the acts and omissions described above, have used and continue to use, in commerce words, terms, names, symbols, and devices which are confusingly similar to those of Plaintiff, in a manner that is likely to cause confusion, reverse confusion, or mistake or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin of Defendants' goods or other commercial activities, or as to the sponsorship or approval of Defendants' goods or other commercial activities by Plaintiff, which is not the case.

82. Defendants are also secondarily liable for contributory trademark infringement in that they have intentionally induced others, including other Defendants and the customers of each Defendant, to directly infringe the BONDER Mark; and/or they have continued to provide others with infringing goods, with knowledge of the direct infringers' use or sale of the infringing goods.

83. Defendants are also secondarily liable for vicarious trademark infringement in that Defendants have an apparent or actual partnership among and between themselves, and/or with other infringers, and have the authority to bind one

JMBM Jeffer Mangels Butler & Mitchell LLP

JMBM | Jeffer Mangels Butler & Mitchell LLP

another in transactions with third parties, and/or exercise joint ownership or control over the infringing services.

84. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

85. Plaintiff lacks an adequate remedy at law and seek an injunction prohibiting any continuing or future infringing conduct by Defendants, including further use of the BONDER Mark. Unless such an injunction issues, Defendants' conduct will continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association, thereby irreparably damaging Plaintiff.

86. Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' conduct, as well as an order awarding all of Defendants' profits traceable to Defendants' conduct by which Defendants were unjustly enriched.

87. Defendants' conduct described herein was intentional and in willful and blatant disregard of Plaintiff's rights. Defendants are guilty of intentional, oppressive, malicious, reckless, and despicable conduct directed to Plaintiff in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover, and hereby seeks, punitive damages from Defendants.

## **FIFTH CLAIM FOR RELIEF**

Unfair Business Practices

(Cal. Bus. & Prof. Code § 17200)

88. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

89. Defendants have committed acts of illegal and unfair business practices, as defined by Business and Professions Code Section 17200 *et seq.*, by engaging in, among other unfair practices, deceptive representations in violation of

Business and Professions Code § 17500, and violations of state and federal trademark and unfair competition law.

90. These acts and practices violate Business and Professions Code Section 17200, in that they are illegal, unfair, and/or fraudulent business practices.

91. The unlawful, unfair and/or fraudulent business practices as described above, present a continuing threat to members of the public in that Plaintiff and members of the general public have no other adequate remedy at law to halt and remedy said practices and/or policies.

92. As a direct and proximate result of the aforementioned acts, Defendants received and continue to hold ill-gotten gains resulting from their unfair business practices, which properly belong to Plaintiff. Plaintiff, accordingly, seeks restitution of all such gains.

JMBM Jeffer Mangels Butler & Mitchell LLP

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

A. For a preliminary and permanent injunction enjoining and restraining Defendants, and all of their officers, directors, stockholders, owners, agents, representatives, servants, and employees, and all those acting in concert or privity therewith, from directly or indirectly:

1. infringing Plaintiff's trademark rights in any way including, without limitation, Plaintiff's rights, common law or otherwise, in the BONDER Mark;

2. using any words, terms, names, symbols, false designations or origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, including the BONDER Mark, in connection with the sale, offering for sale, distribution, commercial advertising or promotion of goods that are likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin of Defendants' goods, or other commercial activities, or as to the sponsorship or approval of Defendants'

goods, or other commercial activities by Plaintiff; or that misrepresents the nature, characteristics, or qualities of Defendants' or Plaintiff's goods or commercial activities;

3. engaging in any unfair business practices or any acts of unfair competition in any manner with respect to Plaintiff or the BONDER Mark; and

4. using the BONDER Mark in connection with the sale, offering for sale, distribution, and advertising of any goods and/or services or any other commercial activities.

B. Ordering Defendants to file with the Court and to serve on counsel for Plaintiff, within thirty (30) days from entry of an injunction, a report setting forth the manner and form in which Defendants have complied with the injunction.

C. For an order that, by the acts complained of herein, Defendants have infringed Plaintiff's trademark rights, in violation of 15 U.S.C. § 1114, including, without limitation, by using the counterfeit mark identified in Paragraph 28, supra.

D. For an order that, by the acts complained of herein, Defendants have infringed Plaintiff's rights in the BONDER Mark, and that Defendants' conduct violates 15 U.S.C. § 1125(a).

E. For an order that, by the acts complained of herein, Defendants have infringed Plaintiff's common law trademark rights and/or engaged in acts of common law unfair competition against Plaintiff.

F. For an order that, by the acts complained of herein, Defendants have engaged in unfair business practices against Plaintiff, in violation of Cal. Bus. and Prof. Code § 17200.

G. For an order finding that Defendants' conduct alleged herein was willful and intentional and in conscious disregard of Plaintiff's rights.

H. For an order awarding Plaintiff's general and/or specific damages, in an amount to be fixed by the Court in accordance with proof.



JMBM Jeffer Mangels Butler & Mitchell LLP

I. For an order awarding all of Defendants' profits traceable to Defendants' conduct.

J. For an order trebling any damage or profits established.

K. For an order awarding statutory damages in the amount of at least $2,000,000 for the counterfeit mark used by Defendants.

L. For an order awarding Plaintiff restitution of all amounts obtained by Defendants by means of their wrongful acts described herein.

M. For an order for the destruction of all materials, including, without limitation, all labels, signs, prints, packages, advertisements, books, and pamphlets bearing any of the BONDER Mark or any other mark confusingly similar thereto, or any false advertising concerning Plaintiff's or Defendants' goods.

N. For an order finding that this is an exceptional case, and awarding Plaintiff its costs and attorneys' fees incurred in prosecuting this action.

DATED: April 18, 2017

JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN
JESSICA BROMALL SPARKMAN
AN NGUYEN RUDA
NATHANIEL DANG

By: /s/ Rod Berman
ROD S. BERMAN
Attorneys for Plaintiff Orly International, Inc.

JMBM Jeffer Mangels Butler & Mitchell LLP

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury of all issues which may be tried to a jury.

DATED: April 18, 2017

JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN
JESSICA BROMALL SPARKMAN
AN NGUYEN RUDA
NATHANIEL DANG

By: /s/ Rod Berman
ROD S. BERMAN
Attorneys for Plaintiff Orly International, Inc.

JMBM | Jeffer Mangels Butler & Mitchell LLP

# EXHIBIT A

JMBM Jeffer Mangels Butler & Mitchell LLP

jmbm.com

Rod S. Berman
Direct: (310) 201-3517
RBerman@jmbm.com

1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
(310) 203-8080 (310) 203-0567 Fax
www.jmbm.com

Ref: 67182-0001

April 4, 2017

**VIA FEDERAL EXPRESS**

Trang Nguyen
President
Ho D. Tan
Vice President
U.S. Maxim Nail Supplies
1119 S. 11th Street
Philadelphia, Pennsylvania 19147-4601

Re: Infringement of BONDER Trademark

Dear Ms. Nguyen and Mr. Tan:

We represent ORLY International Inc. (hereinafter "ORLY").

ORLY is the owner of the mark BONDER® (the "BONDER Mark"). The BONDER Mark is the subject of U.S. Trademark Registration No. 1,665,611 for "Fingernail polish base coat" in Class 3, and ORLY has used the BONDER Mark in commerce since at least 1983. The registration is incontestable. Accordingly ORLY has the exclusive right to use the mark in the U.S., as well as an obligation to enforce such right against any business making unauthorized use of the mark.

It has recently come to our attention that your company, U.S. Maxim Nail Supplies (hereinafter "U.S. Maxim") is, without ORLY's authorization, manufacturing, distributing, and/or selling a base coat for nails in containers bearing the BONDER Mark.

U.S. Maxim's use of the BONDER Mark is likely to cause confusion, mistake or to deceive consumers, as to the source, origin, approval or endorsement of the base coat and/or your company. Accordingly, U.S. Maxim's use of our client's trademark constitutes, inter alia, federal and state trademark infringement and unfair competition, entitling our client to an injunction, and an award of damages and its attorneys' fees.

The federal Lanham Act provides trademark owners with rights and remedies to prevent consumer confusion, unfair competition and dilution. In a lawsuit, our client would seek, among other things, an injunction to prevent any further use or exploitation of the

BONDER Mark, or any other similar marks, and the recovery of damages, profits, treble damages, attorneys' fees and costs as provided by federal and state laws.

In light of the foregoing, we request that U.S. Maxim:

1. Immediately cease and desist all manufacturing, distribution, or sales of products featuring the BONDER Mark and any confusingly similar variations thereof;

2. Immediately cease and desist use of the BONDER Mark and any confusingly similar variations thereof;

3. Provide us with an accounting showing all products manufactured, distributed, or sold in connection with the BONDER Mark;

4. Immediately deliver to us all products in inventory and in transit, and any marketing materials associated with the BONDER Mark;

5. Immediately remove from the internet including without limitation any image of the BONDER Mark;

6. Permanently refrain from use and registration of the BONDER Mark, or any confusingly similar variation, as part of a trade name, fictitious business name, corporate name, trademark, service mark, Internet domain name, or in any other manner, via the Internet or otherwise; and

7. Identify the manufacturer(s) of products distributed or sold by U.S Maxim, to the extent U.S. Maxim does not manufacture any of such products on its own.

Unless U.S. Maxim complies with the above demands, we will have no alternative but to immediately pursue all available legal and equitable remedies without further notice to enforce our client's rights and to protect the public from continued deception.

///

///

///

///

We look forward to receiving your response immediately and by no later than April 10, 2017. Nothing in this letter, or otherwise, is intended or shall be construed to be a waiver or release of, or a limitation or restriction upon, any of our client's rights, remedies, claims, positions, or defenses arising out of or in connection with this matter, and all of such rights, remedies, claims, positions, and defenses have been and continue to be reserved and may be exercised or asserted by our client at any time without further notice except as required by applicable law.

Sincerely,

ROD S. BERMAN of
Jeffer Mangels Butler & Mitchell LLP

RSB:ntd